UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
LEONARD PINA-RODRIGUEZ,  :
          Plaintiff,  :
v.  :
            :    **OPINION AND ORDER**
            :
GARY GARBUTT; U.S. MOBILE IMAGING,  :    18 CV 5167 (VB)
LLC; and CORRECTIONAL DIAGNOSTIC  :
IMAGING, INC.,  :
          Defendants.  :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff Leonard Pina-Rodriguez, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 against defendants Gary Garbutt, U.S. Mobile Imaging, LLC ("U.S. Mobile"), and Correctional Diagnostic Imaging, Inc. ("CDI"), alleging defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.[1]

Now pending is defendants Gary Garbutt and U.S. Mobile's motion to dismiss the second amended complaint ("SAC"). (Doc. #78).[2]

For the following reasons, the motion to dismiss is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1]     In the second amended complaint, plaintiff also named as defendants Drs. Britta Viereckl-Prast, Kenneth Conicelli, and M. Saleh, medical employees of the New York State Department of Corrections and Community Supervision ("DOCCS"). By Order dated June 29, 2020, the Court granted Viereckl-Prast, Conicelli, and Saleh's motion to dismiss the amended complaint and terminated those defendants from the action. (Doc. #58); Pina-Rodriguez v. Viereckl-Prast, 2020 WL 3498756, at *5 (S.D.N.Y. June 29, 2020). Although plaintiff repleads claims against these defendants in the SAC, by Order dated September 4, 2020, the Court explained such claims will not proceed as they were already dismissed, and these defendants were terminated from this case. (Doc. #67); Pina-Rodriguez v. Garbutt, 2020 WL 5362618, at *1 (S.D.N.Y. Sept. 4, 2020). Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

[2]     Defendant CDI does not join the instant motion. On December 4, 2020, defendant CDI filed an answer to the SAC.

1

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the SAC, and draws all reasonable inferences in plaintiff's favor.

At all relevant times plaintiff was incarcerated at Fishkill Correctional Facility ("Fishkill") in Beacon, New York.

According to plaintiff, in 2013, he was diagnosed with a misaligned jaw, and fitted with orthodontic braces and a metal bar on the roof of his mouth. Approximately one year later, plaintiff alleges he underwent one of two oral surgeries to correct his jaw misalignment. He further alleges that before he could undergo the second surgery needed to correct the misalignment, he was committed to DOCCS custody in June 2016.

Plaintiff alleges that on August 29, 2016, about four weeks after he was transferred to Fishkill from Ulster Correctional Facility, he presented for an emergency dental sick-call where he informed Dr. Conicelli of his dental work and complained of headaches and pain while talking, eating, and sleeping. Plaintiff claims he saw Dr. Conicelli again on October 7, 2016, and complained he was experiencing great pain when talking, eating, and sleeping and was having very bad headaches. According to plaintiff, Dr. Conicelli informed plaintiff that he "spoke to [the Regional Dental Director], all [he] can do is remove [the braces], [he] cannot reattach brackets, [and he] explained . . . [plaintiff] can . . . have outside orthodontist come in at [plaintiff's] expense." (Doc. #64 ("SAC") ¶ 22).

Plaintiff alleges he was seen several times between October 2016 and November 2017 by multiple doctors and dentists, including Dr. Saleh, Dr. Conicelli, Dr. Viereckl-Prast, Dr. Frank Weber (a doctor at Westchester Medical Center), Dr. Marlon K. Moore (an Oral and Maxillofacial Surgeon), and Dr. Jario Bastidas (an Oral and Maxillofacial Surgery specialist at

Montefiore Medical Center at Albert Einstein College of Medicine).  According to plaintiff, during these visits, the doctors provided him with Motrin, Ibuprofen, and then Naproxen to manage his pain.

Plaintiff alleges that he underwent an MRI on February 14, 2018, to diagnose the cause of his complained of ailments.  The MRI was performed at Fishkill by defendant Gary Garbutt, a licensed MRI technician and U.S. Mobile employee, in a trailer suite provided by U.S. Mobile.  Plaintiff claims that before the MRI was completed, he informed Garbutt of his orthodontic hardware.  According to plaintiff, Garbutt discontinued the MRI scanning process after several minutes, because "the serious artifact problem resulting from the high density object(s) in the Plaintiff's mouth distorted the scan beyond comprehension."  (SAC ¶ 52).  Plaintiff further alleges that following the MRI, the pain in his mouth and face worsened.  He claims that during an emergency dental sick-call on March 6, 2018, he informed Dr. Conicelli that he was experiencing "burning pains in his entire face with swelling ever since he was put inside the MRI unit."  (Id. ¶ 53).

## DISCUSSION

I.      Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[3]  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678;

---

[3]     Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

3

Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

II. Deliberate Indifference to Serious Medical Needs Claim

Defendants argue plaintiff fails plausibly to allege an Eighth Amendment claim for deliberate indifference to his serious medical needs.

The Court agrees.

4

A. <u>Legal Standard</u>

To state a claim for constitutionally inadequate medical care, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). This test has an objective prong and a mens rea prong: a plaintiff must plausibly allege (i) a "sufficiently serious" inadequacy of medical care, and (ii) that the officials in question acted with a "sufficiently culpable state of mind." <u>Salahuddin v. Goord</u>, 467 F.3d 263, 279–80 (2d Cir. 2006).

The objective prong has two subparts. First, a plaintiff must adequately plead he "was actually deprived of adequate medical care." <u>Salahuddin v. Goord</u>, 467 F.3d at 279. Because "the prison official's duty is only to provide reasonable care," prison officials violate the Eighth Amendment if they fail "to take reasonable measures in response to a medical condition." <u>Id</u>. at 279–80 (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994)). Second, a plaintiff must plausibly allege "the inadequacy in medical care is sufficiently serious." <u>Id</u>. at 280. Courts assess this by examining "how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." <u>Id</u>. If the allegedly offending conduct "is a failure to provide any treatment for an inmate's medical condition, courts examine whether the inmate's medical condition is sufficiently serious." <u>Id</u>. But if the offending conduct is the "medical treatment given, the seriousness inquiry is narrower." <u>Id</u>.

The <u>mens rea</u> prong requires the plaintiff to plausibly allege "the official acted with deliberate indifference to inmate health." <u>Salahuddin v. Goord</u>, 467 F.3d at 280. Mere negligence does not give rise to an Eighth Amendment violation. <u>See</u> <u>Farid v. Ellen</u>, 593 F.3d 233, 249 (2d Cir. 2010). Accordingly, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment

under the Eighth Amendment." Estelle v. Gamble, 429 U.S. at 106. In other words, medical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness. See Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998). Indeed, "medical malpractice may rise to the level of deliberate indifference; namely, when the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces a conscious disregard of a substantial risk of serious harm." Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).

"[D]istinguishing between negligent and reckless medical care is a difficult task, especially at the motion-to-dismiss stage where courts lack the benefit of expert opinion." Zhang v. City of New York, 2018 WL 3187343, at *8 (S.D.N.Y. June 28, 2018). Courts often look to the "degree of risk associated with the negligent treatment." See id. (collecting cases). Moreover, "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to" a constitutional violation. Chance v. Armstrong, 143 F.3d at 703. "Thus, disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a Section 1983 claim." Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 203, 312 (S.D.N.Y. 2001).

B. Application

Plaintiff does not allege defendants failed to provide him medical care. Rather, he claims the care he was given was constitutionally inadequate. Specifically, plaintiff alleges that U.S. Mobile and Garbutt were deliberately indifferent to his health, safety, and serious medical needs

6

by "allowing Plaintiff to be near the MRI magnet—with a mouth full of orthodontic metal braces." (SAC ¶¶ 95–96).

Even if plaintiff's allegations were sufficient to satisfy the objective prong, plaintiff fails to satisfy the mens rea prong of the deliberate indifference analysis because he does not allege facts suggesting that defendants knew of or disregarded a serious threat to plaintiff's health or safety. Specifically, plaintiff alleges:

> Gary Garbutt, who, after being shown the metal orthodontic braces in Plaintiff's mouth [b]y the Plaintiff when he first entered the MRI trailer suite, but still proceeded to put the Plaintiff inside the MRI machine and proceeded to take the ordered scans only to be discontinued due to artifact which was caused by Plaintiff's metal orthodontic braces, exercised deliberate indifference to Plaintiff's health and safety and his serious medical needs when they knew or should have known by the Plaintiff's *clearly referenced facility medical records* that Plaintiff had a full set of orthodontic metal braces in his mouth and that ordering an appointment and subjecting Plaintiff to the MRI scanning process, as well as, allowing him to even be near the MRI magnet with a mouth full of orthodontic metal braces which left his face in pain for days, was willful and/or wonton conduct evincing a deliberate intention to harm or an utter indifference or conscious disregard for the safety of the Plaintiff with regard to the safety procedures intending to keep ferrous material away from the magnet, elevating [t]heir acts or omissions to the level of gross negligence.

(SAC ¶ 94). Although plaintiff alleges that defendant Garbutt knew or should have known plaintiff had orthodontic braces in his mouth, he fails to plausibly allege that Garbutt was aware plaintiff might suffer any adverse side effect if defendants subjected plaintiff, with his metal orthodontic braces, to an MRI scan. Nor does plaintiff's allegation that, after the MRI scan, "his face [was] in pain for days" (id.), plausibly allege that Garbutt knew or should have known that such procedure would cause facial pain. Rather, plaintiff's allegation is conclusory and insufficient to satisfy the mens rea prong of the deliberate indifference analysis.[4]

---

[4] In addition, plaintiff alleges that Garbutt discontinued the MRI after several minutes. However, he alleges Garbutt made that decision not because he knew or had any reason to know

7

Nor does plaintiff's allegation that Garbutt disregarded U.S. Mobile's safety practices requiring employees "keep ferrous material away from the magnet" (SAC ¶ 96), satisfy the mens rea prong of the deliberate indifference analysis.  Specifically, plaintiff does not allege that his orthodontic braces were in fact "ferrous material" that must be kept away from MRI machines.  Thus, plaintiff fails plausibly to allege Garbutt's purported violation of this safety practice amounted to "a conscious disregard of a substantial risk of serious harm."  Chance v. Armstrong, 143 F.3d at 703.[5]

For the above reasons, plaintiff's Eighth Amendment claims against Gary Garbutt and U.S. Mobile must be dismissed.

**CONCLUSION**

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the pending motion (Doc. #78) and terminate Gary Garbutt and U.S. Mobile as defendants in this action.

By separate Order, the Court will schedule an initial conference.

---

plaintiff was experiencing severe pain, but because the scan was distorted by the orthodontic braces.

[5]  At best, plaintiff's allegations regarding the MRI procedure sound wholly in negligence, which, without more, do not give rise to an Eighth Amendment deliberate indifference claim. See Chance v. Armstrong, 143 F.3d at 703.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated:  June 21, 2021
 White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge