Copies Mailed/Faxed 7/28/21
Chambers of Vincent L. Briccetti

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
LEONARD PINA-RODRIGUEZ,
               Plaintiff,

**ORDER**

v.

18 CV 5167 (VB)

CORRECTIONAL DIAGNOSTIC IMAGING,
INC.,
               Defendant.
--------------------------------------------------------------x

      A status conference before Judge Briccetti was scheduled for today at 9:30 a.m. Because counsel for defendant failed to make prior arrangements with the appropriate facility to have plaintiff available by telephone, Fishkill Correctional Facility did not have plaintiff on its inmate conference schedule and he could not appear for the conference. (See Doc. #91 (scheduling this conference and notifying counsel of her obligation to make arrangements with the appropriate facility)).

      Nevertheless, the Court issues this Order to address certain outstanding issues in this case.

      On July 26, 2021, Correctional Diagnostic Imaging, Inc. ("CDI") submitted a letter (which it filed as a "motion to dismiss") requesting that the Court "sua sponte" dismiss the second amended complaint ("SAC") as to defendant CDI. (Doc. #92). CDI's "motion to dismiss" is untimely in that it was filed two days before a scheduled conference in a case in which plaintiff is a prisoner and is proceeding pro se. Therefore, it is highly unlikely that plaintiff received the letter prior to the scheduled conference. Moreover, the Court issued an Opinion and Order granting the motion to dismiss of CDI's former co-defendants over a month ago on June 21, 2021. For that reason as well, defense counsel should not have waited until two days before the scheduled conference to file her letter requesting the Court "sua sponte" dismiss the SAC as to CDI.

      In any event, CDI's "motion to dismiss" is procedurally improper. CDI has already filed an answer to the SAC and its time to move to dismiss has long since passed. See Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses [under Rule 12(b)] must be made before pleading if a responsive pleading is allowed."). A separate rule—Fed. R. Civ. P. 12(c)—provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Thus, rather than filing a letter "motion to dismiss," CDI should have filed a motion for judgment on the pleadings pursuant to Rule 12(c).

      Accordingly, it is hereby ORDERED:

      1.     CDI's "motion to dismiss" is **DENIED WITHOUT PREJUDICE**. However, CDI is granted leave to file a formal motion for judgment on the pleadings pursuant to Rule 12(c). CDI must file its Rule 12(c) motion by **August 11, 2021**.

1

2. By **September 13, 2021**, plaintiff shall file a response to CDI's motion for judgment on the pleadings.

3. Unless otherwise permitted by the Court, CDI shall not file a reply.

4. The Clerk is instructed to terminate the motion. (Doc. #92).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at his address on the docket.

Because it is not clear from the docket that the Court mailed a copy of its June 21 Opinion and Order to plaintiff, Chambers will also mail a copy of same to plaintiff at the address on the docket.

Dated: July 28, 2021
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge